UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARCUS ABRAMS,

                               Plaintiff,

        -against-                                          1:20-cv-05174-LLS

UY TRADING LTD. (#10020400), UY TRADING LTD.        **DECLARATION OF**
(#10086420), SEP CONSULTING LTD., SANDRA            **GREGORY O. TUTTLE**
PIEDRABUENA, RUSSELL ABRAMS, TITAN
CAPITAL GROUP LLC, TITAN CAPITAL GROUP III,
LP, and TITAN CAPITAL GROUP III, LP EMPLOYEE
INCENTIVE PLAN.

                               Defendants.
-----------------------------------------------------------------X

        I, **Gregory O. Tuttle**, hereby declare the following under penalty of perjury:

        1.      I am a partner at the law firm of Tuttle Yick LLP ("Tuttle Yick"), attorneys of

record for defendants UY Trading Ltd. (#10020400), UY Trading Ltd. (#10066420), SEP

Consulting Ltd., Sandra Piedrabuena, Russell Abrams, Titan Capital Group LLC, Titan Capital

Group III, LP, and Titan Capital Group III, LP Employee Incentive Plan (collectively

"Defendants") in the above-referenced action.  I respectfully submit this Declaration in support of

Tuttle Yick's motion to withdraw as counsel of record for Defendants pursuant to Local Civil Rule

1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts

of New York, and for related relief.

        2.      I first appeared in this case in April 2022 pursuant to a consent order granting

substitution of attorney.

        3.      Tuttle Yick's representation in this matter grew out of its representation of the

Defendants Abrams, Piedrabuena, UY Trading, SEP Consulting, and Titan Capital and other affiliated entities in several other litigations and arbitrations over the past year.

4.      In this matter and the others, we have represented Defendants and advocated for their position. However, we have had difficulty communicating with them, and we have not agreed as to the appropriate legal strategy going forward, which has impeded our ability to properly represent them. And we have now been terminated as counsel.

5.      On June 16, 2022, I spoke with Defendants and their representative, who informed they do not agree with our legal strategy in this action and others going forward, were unwilling to work with us anymore, and have terminated our representation forthwith. Accordingly, we are unable to continue as counsel.

6.      While Defendants have informed me that they were searching for new counsel to substitute in, they have not yet found a substitute attorney, necessitating this motion.

7.      Additionally, as of June 30, 2022, Defendants still owed substantial funds on account of work necessarily performed on their behalf for this action and the other actions, and costs and disbursements incurred in connection therewith. Although our firm has made reasonable attempts to work with Defendants by giving them a reasonable time to bring their fees current, they have failed to do so.

8.      Tuttle Yick has sent invoices reflecting the hourly attorneys' fees and costs incurred.

9.      Despite our good-faith efforts to work with Defendants by allowing them sufficient time to pay the outstanding balance, the balance remains unpaid.

10.      If the Court deems it necessary, we can provide the Court, *in camera*, with copies of our invoices or elaborate on any of the facts asserted herein.

11.     In light of Defendants' termination of our services, non-payment of Tuttle Yick's fees to date, irreconcilable differences of opinion, and because neither Defendants nor this case will be prejudiced by Tuttle Yick's withdrawal, we respectfully request that this Court grant Tuttle Yick's motion to withdraw as counsel for Defendants and stay these proceedings for at least 60 days so that Defendants may obtain alternate counsel.

12.     Pursuant to Local Rule 1.4, we are sending a copy of this application to Defendants contemporaneously with our filing of the application.

13.     Tuttle Yick is not asserting a retaining or charging lien on this action.

14.     No prior application has been made for the relief requested herein.

**WHEREFORE**, Tuttle Yick respectfully requests that the Court grant the relief requested herein and enter an Order that:

a)  Tuttle Yick, Gregory O. Tuttle and David G. Skillman are relieved as counsel of record for Defendants; and

b)  Further proceedings in this matter are stayed for 60 days to give the Defendants a reasonable opportunity to retain new counsel.

Dated:  New York, New York
        July 6, 2022

By: /s/ Gregory O. Tuttle
     Gregory O. Tuttle