ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC
DATE FILED: 5/14/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCUS ABRAMS,

                Plaintiff,

- against -

UY TRADING LTD. (#10020400), UY TRADING LTD. (#10086420), SEP CONSULTING LTD., SANDRA PIEDRABUENA, RUSSELL ABRAMS, TITAN CAPITAL GROUP LLC, TITAN CAPITAL GROUP III, LP, and TITAN CAPITAL GROUP III, LP EMPLOYEE INCENTIVE PLAN,

                Defendants.

20 Civ. 05174 (LLS)

ORDER

    Plaintiff Marcus Abrams subpoenaed Mr. Levy to testify and produce documents for his testimony. The subpoena requires Mr. Levy to bring (1) "A copy of your law firm's retainer or engagement agreement with Russell Abrams and Sandra Abrams" and (2) "The 'Detailed Transaction History Report' identifying all PACER system inquiries made by any person associated with the law firm of Levy Goldenberg LLP, including yourself, for information on U.S. District Court case number 1:20-cv-05174-LLS captioned Abrams v. UY Trading Ltd, et al. during the period June 1, 2023 through December 1, 2023."[1] Defendants moved to quash that subpoena.

    The Motion to Quash is denied for defendants' lack of standing to make it. "A party generally lacks standing to challenge a subpoena issued to a third party absent a claim of privilege or a proprietary interest in the subpoenaed matter." E.g., In re Ex Parte Application of Kleimar N.V., 220 F. Supp. 3d 517, 520 (S.D.N.Y. 2016)(quoting U.S. v. Nachamie, 91 F.Supp.2d 552, 557 (S.D.N.Y. 2000)).

    The retainer agreement is not protected by attorney-client privilege. Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, 319 F.R.D. 100, 105 (S.D.N.Y. 2017) ("It is, however, black

---

[1] For brevity, the Court will refer to the second request as "records of PACER inquiries."

1

letter law that '[a]ttorneys' bills and communications regarding retainer agreements are not privileged.'") (internal citations omitted.). The records of PACER inquiries are not protected by attorney-client privilege and there has been no showing by defendants that those records are protected by work product doctrine.[2]

The argument that the defendants have standing to quash the subpoena to Mr. Levy because the subpoena is unduly burdensome is without merit; "[c]ourts have consistently rejected the position that a party who is not the recipient of a subpoena can nonetheless challenge that subpoena because it creates an undue burden." In re Rule 45 Subpoena Issued To JP Morgan Chase Bank, N.A., 319 F.R.D. 132, 135 (S.D.N.Y. 2016) (alteration in the original).

Because defendants have no valid privilege claim in the subpoenaed documents, they do not have standing to assert the motion to quash the subpoena targeting those documents.

The Court cannot rule on the standing of defendants to quash the testimony of Mr. Levy without knowing what testimony plaintiffs will elicit. The Court will consider any privilege objections to specific testimony.

So ordered.

Dated:   New York, New York
         May 14, 2024

                                          _____
                                          Louis L. Stanton
                                          LOUIS L. STANTON
                                          U.S.D.J.

---

[2] The party asserting the work product protection doctrine has the burden of demonstrating that the doctrine applies.

2