UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



MARCUS ABRAMS,

                Plaintiff,

    - against -                20 Civ. 05174 (LLS)

UY TRADING LTD. (#10020400), UY         ORDER
TRADING LTD. (#10086420), SEP
CONSULTING LTD., SANDRA PIEDRABUENA,
RUSSELL ABRAMS, TITAN CAPITAL GROUP
LLC, TITAN CAPITAL GROUP III, LP, and
TITAN CAPITAL GROUP III, LP EMPLOYEE
INCENTIVE PLAN,

                Defendants.

    Plaintiff Marcus Abrams' motion for reconsideration of the order vacating the default judgment entered against defendants (Dkt. No. 178) is denied.

    Plaintiff complains that (1) he was denied the opportunity to fully present his case because he was only able to present testimony from one witness and (2) the testimony of defendant Russell Abrams was insufficient to support any factual determinations relating to his wife, defendant Sandra Piedrabuena.

    Plaintiff was given the opportunity to fully present his case. Plaintiff submitted several hundred pages of declarations (Dkt Nos. 134-142), including declarations from individuals plaintiff intended to call as witnesses, who never appeared to testify, which were reviewed and considered by this Court. When plaintiff appeared for the second and third day of the hearing on the motion to vacate the default judgment without any witnesses, the Court asked plaintiff's counsel for an offer of proof for the testimony of those elusive witnesses, which plaintiff's counsel eloquently provided. The Court considered those offered facts, which related circumstantially to when Russell Abrams had notice of his default in this case. Those facts, largely repetitive of information already received by this Court through the plaintiff's declarations and tested by plaintiff counsel's cross examination of Russell Abrams over the

1

course of two days, did not change this Court's determination that exactly when Russell Abrams unquestionably had adequate notice of the default was less important than what he unquestionably did thereafter, on the primary issue of willfulness.

Though Piedrabuena did not present testimony at the hearing regarding the motion to vacate default judgment, the Court received and reviewed declarations from her (Dkt. Nos. 124, 149), which supported vacating the default judgment against her.

To the extent plaintiff complains that this Court did not set out the legal standards applicable to the motion to vacate the default judgment, the Court refers plaintiff to the ruling provided on the record, which outlined the legal framework guiding the analysis of the motion to vacate the default judgment. (Dkt. No. 180 at 12-13).

So ordered.

Dated:   New York, New York
         June 11, 2024

                                    *Louis L. Stanton*
                                    LOUIS L. STANTON
                                    U.S.D.J.